UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10766-RWZ

BRAD J. SEIDEL

v.

WELLS FARGO BANK, N.A.

MEMORANDUM OF DECISION

July 3, 2012

ZOBEL, D.J.

Plaintiff Brad J. Seidel claims against defendant Wells Fargo Bank ("Wells Fargo") in six counts. He asserts that Wells Fargo, in moving forward with a foreclosure proceeding while he was being considered for a loan modification under the Home Affordable Modification Program ("HAMP"),[1] breached certain "HAMP guidelines" of which plaintiff was a third-party beneficiary (Count I) as well as the covenant of good faith and fair dealing (Count III). He also claims negligence (Count II). Plaintiff further asserts that the verbal assurances by defendant's representative concerning the foreclosure created an agreement that was breached when defendant foreclosed (Count IV), amounted to promissory estoppel (Count V), and constituted negligent

---

[1] Promulgated by the Secretary of the Treasury pursuant to § 5219(a) of the Emergency Economic Stabilization Act, 12 U.S.C. §§ 5201–5253.

material misrepresentations (Count VI). Currently before me are plaintiff's motion for injunctive relief (Docket # 8) and defendant's partial motion to dismiss (Docket # 12).

**I. Background**

In October 2003, plaintiff secured a $333,000 mortgage from defendant on a residential property in Waltham, Massachusetts. Sometime in 2009, plaintiff defaulted, and defendant began foreclosure proceedings. Shortly thereafter, plaintiff requested a loan modification pursuant to HAMP. Defendants initiated a "workout review," but no modification was offered. In June 2010, plaintiff again requested a loan modification and defendant began a second "workout review" the following month. However, in August plaintiff was informed that his request for a modification was not approved because the loan securing the property was insured by a private mortgage company that refused to issue any modifications under HAMP. In March 2011, defendant resumed foreclosure proceedings. Soon thereafter, plaintiff, for a third time, requested a loan modification. On this occasion a representative of defendant identified only as "Liz" told plaintiff that he appeared eligible for a HAMP modification but that she would "have to run the numbers" to confirm his eligibility. She also informed plaintiff that the foreclosure which had been set for April 2011 would not take place and that no foreclosure date would be set while his application for a loan modification under HAMP remained pending.

Plaintiff faxed certain requested documents to the representative and attempted to submit files online through a secure website but was unable to do so because of a technical problem. The representative left several voice mail messages for plaintiff

informing him that she had not received the paperwork necessary to review plaintiff's modification request. Plaintiff alleges he then submitted the paperwork again by mail. During the month of April plaintiff and the representative exchanged a series of voice mail messages but never spoke directly, and plaintiff was never given confirmation that defendant had received the paperwork necessary to conduct its HAMP review. In May 2011, the defendant held a foreclosure sale and purchased the property for the then-outstanding balance of the mortgage and initiated eviction proceedings in the Middlesex District Court.

## II. Analysis

### A. Plaintiff's Motion for Injunctive Relief

Plaintiff seeks to enjoin defendant from (I) evicting him; (ii) charging him with use and occupancy fees; and (iii) selling the subject property. Defendant contends both that Younger abstention, Younger v. Harris, 401 U.S. 37, 44-45 (1971), and the Anti-Injunction Act, 28 U.S.C. § 2283, militate against this court's interference with the ongoing state court eviction proceeding. "Younger v. Harris [ ] and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431(1982). Evictions are complex proceedings governed extensively by state law that implicate important interests of the state and its citizenry -- namely, how and under what circumstances an individual can be legally removed from his or her residence. Federal courts have routinely held that the Younger doctrine bars them from enjoining state-court eviction proceedings. Boyer v. Scott Bros

Inv. Corp., No. 4:11CV1173 HEA, 2011 WL 3847412 at *7 (E.D. Mo. Aug. 27, 2011); Clark v. Bloomberg, No. 10–CV–1263 (JG), 2010 WL 1438803, at *2 (E.D.N.Y. 2010); O'Neil v. Hernandez, No. 08 Civ. 1689 (KMW), 2008 WL 2963634, at *1 (S.D.N.Y. Aug. 1, 2008); Chamberlain v. 625 Orleans, LP, No. 1:11–CV–140, 2011 WL 1627080, at *3 (E.D. Tex. April 18, 2011); Virostek v. Indy Mac Mortg. Services, No. 11–cv–00030–WYD–MEH, 2011 WL 6937185, at *6 (D. Colo. Sept. 6, 2011); Newell v. Rolling Hills Apartments, 134 F. Supp.2d 1026, 1036 (N.D. Iowa 2001).

Plaintiff claims that this court's refraining from enjoining the state court eviction under Younger would place him "in a catch-22 resulting in a right without a remedy." However, his claims regarding possession and title to the property may be raised in the state eviction proceeding. Bank of New York v. Bailey, 460 Mass. 327 (2011) ("[c]hallenging a plaintiff's entitlement to possession has long been considered a valid defense to a summary process action for eviction where the property was purchased at a foreclosure sale ...").

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Act has been held to apply to state-court eviction proceedings. Sierra v. City of New York, 528 F.Supp.2d 465, 468 (S.D.N.Y. 2010); Allen v. N.Y. City Hous. Auth., No. 10–CV–168, 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010); Boross v. Liberty Life Ins. Co., No. 4:10–cv–144, 2011 WL 2945819 (S.D. Ga. July 21, 2011); Bradley v. Fed. Nat'l Mortgage Ass'n, No.

1:11–CV–3242–TWT–CCH, 2011 WL 5320746 (N.D. Ga. Sept. 28, 2011); Wideman v. Bank of Am., N.A., 3:11-CV-145 CAR, 2011 WL 6749829 (M.D. Ga. Dec. 23, 2011). Plaintiff, with considerable imagination but little authority, suggests that "the injunctive relief being sought [ ] is incident to his substantive claims which, based upon its decision to remove the action [defendant] has asked this Court to now adjudicate. As such they are 'necessary in aid of the federal court's jurisdiction or to protect or effectuate its judgment.'" This argument is circular and would effectively prevent application of the Anti-Injunction Act in any action removed to federal court when plaintiff seeks to enjoin a related state proceeding. Plaintiff does assert two exceptions to the Anti-Injunction Act: (1) the "necessary in aid of its jurisdiction clause;" and (2) the "necessary ... to protect or effectuate its judgments" clause (also known as the "relitigation clause"). 28 U.S.C. § 2283. Neither of these exceptions are applicable here.

First, the "narrow" relitigation exception "is designed to implement well-recognized concepts of claim and issue preclusion... [and] authorizes an injunction to prevent state litigation of a claim or issue that previously was presented to and decided by the federal court." Smith v. Bayer Corp., 131 S. Ct. 2368, 2375, 180 L. Ed. 2d 341 (2011) (internal citations an quotations omitted); De Cosme v. Sea Containers, Ltd., 874 F.2d 66, 68 (1st Cir. 1989) ("... an essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court.")

5

(internal citations an quotations omitted). Plaintiff has not alleged that his claims have been previously litigated and decided.

Second, the "where necessary in aid of its jurisdiction" exception typically applies either to situations where a federal court obtains in rem jurisdiction prior to a state-court suit or in cases where a state-court proceeding would interfere with ongoing oversight of a case. Garcia v. Bauza-Salas, 862 F.2d 905, 909 (1st Cir. 1988). Here, the eviction proceeding was filed before removal and there is no risk of interference with ongoing oversight by this court.

Plaintiff's request for a preliminary injunction is denied.

### B. Defendant's Motion to Dismiss

Defendant moves to dismiss Counts I, II, III (the HAMP claims) and IV (breach of oral agreement) for failure to state a claim.

#### 1. The HAMP Claims

Plaintiff's first three counts are premised on defendant's failure to abide by certain HAMP guidelines.

Plaintiff contends that under Erie R. Co. v. Tompkins, 304 U.S. 64, 70 (1938), this court is bound by the holding in Parker v. Bank of America, NA, No. 11–1838, 2011 WL 6413615 (Mass. Sup. Ct. Dec. 16, 2011). In Parker the court found that a mortgagor could bring a claim for violations of the HAMP guidelines as a third-party beneficiary despite acknowledging that "every court in the District of Massachusetts (and as far as I know, elsewhere) to consider the issue has rejected [this theory]." However, HAMP is a federal program and as such interpretation of the HAMP contract

is controlled by federal law. See Speleos v. BAC Home Loans Servicing, L.P., 755 F. Supp. 2d 304, 307 (D. Mass. 2010).

The prevailing view in this district and others is that defaulted mortgagors are not entitled to sue for HAMP violations as third-party beneficiaries under an agreement between the bank and the government absent a clear indication in the contract to the contrary. McBride v. Am. Home Mortg. Servicing Inc., No. 11-10998-RWZ, 2012 WL 931247 (D. Mass. Mar. 19, 2012); Speleos v. BAC Home Loans Servicing, L.P., 755 F.Supp. 2d 304, 307 (D. Mass. 2010); Zendejas v. GMAC Wholesale Mortg. Corp., No. 1:10-cv-00184 OWW GSA, 2010 WL 2490975, at *3 (E.D. Cal. June 16, 2010) ; Duff v. Federal Nat. Mortg. Ass'n, No. 2:11-cv-12474, 2012 WL 692120, at *5 (E.D. Mich. Feb. 29, 2012); Hoffman v. Bank of Am., N.A., No. C 10-2171 SI, 2010 WL 2635773 (N.D. Cal. June 30, 2010). Marks v. Bank of Am., N.A., No. 03:10-cv-08039PHXJAT, 2010 WL 2572988 (D. Ariz. June 22, 2010). Since there is no viable contract-based HAMP claim, there can be no breach of the obligation of good faith and fair dealing. Markle v. HSBC Mortg. Corp. (USA), No. 10-40189-FDS, 2011 WL 6944911 (D. Mass. July 12, 2011).

HAMP also does not create an independent duty for mortgagors where no other basis for that duty exists. Brown v. Bank of America Corp., No. 10–11085, 2011 WL 1311278, *4 (D. Mass. March 31, 2011) ("while violation of a regulation such as HAMP may provide evidence of a breach of a duty otherwise owed, it does not create such a duty in the first place"); Young v. Wells Fargo Bank, N.A., No. 11-10757-LTS, 2012 WL 734187 (D. Mass. Mar. 7, 2012); Provost v. Saxon Mortg. Services, Inc., No.

7

4:11-CV-40137-TSH, 2012 WL 1065481 (D. Mass. Mar. 27, 2012); Marley v. Bank of Am., No.10-10885-GAO, 2012 WL 847374 (D. Mass. Mar. 13, 2012); Markle v. HSBC Mortg. Corp. (USA), No. 10-40189-FDS, 2011 WL 6944911 (D. Mass. July 12, 2011). Thus, plaintiff's claim for negligence fails as well.

### 2. Breach of Verbal Contract Claim

Plaintiff's fourth cause of action (Count IV) alleges breach of an oral contract not to foreclose on his property while his HAMP application was pending. Defendant asserts this count is precluded by operation of the Massachusetts statute of frauds. It provides: "No action shall be brought: ... [u]pon a contract for the sale of lands ... or of any interest in or concerning them[,] [u]nless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorizes." Mass. Gen. Laws ch. 259, § 1.

In Montuori v. Bailen, 290 Mass. 72, 76 (1935), the Massachusetts Supreme Judicial Court found unenforceable an alleged oral contract whereby the defendant-mortgagee agreed not to foreclose upon plaintiff if he spent certain funds making improvements to the property at issue and used the remainder of the funds to account for outstanding taxes. The court held: "The right to possession of land is an interest in it, and a contract to surrender possession or to forbear for a time to exercise a right to take and retain possession is within the statute of frauds." Id. at 75. See also French v. Chase Bank, N.A., 10-CV-11330-RGS, 2012 WL 273724, at *2 (D. Mass. Jan. 31,

8

2012) (citing Montuori and holding oral contract by defendant-mortgagee to place mortgage loan into HAMP workout plan unenforceable under the statute of frauds).

Plaintiff argues that Montuori and French were wrongly decided. He urges this court to apply Akar v. Fed. Nat. Mortg. Ass'n, No.10-10539-NMG, 2012 WL 661458, at *14 (D. Mass. Feb. 8, 2012) which held that forbearance of foreclosure is not covered by the statute of frauds because it only "alter[s] the timing in which [a mortgagee can] exercise its rights under the mortgage contract, but [does] not alter the mortgagee's right, title and interest." However, altering the timing of the foreclosure right imposes serious restrictions on the mortgagee's right to possess the property in the event of a default; such a result falls squarely within the Massachusetts' statute of frauds under Montuori. Id. at 75 ("contract to ... forbear for a time to... retain possession is within the statute of frauds."). Moreover, Akar rested its holding on Siegel v. Knott, 316 Mass. 526 (1944), which held that an oral agreement to pay interest monthly instead of quarterly was outside the purview of the statute of frauds. However, the court explicitly distinguished its facts from those at issue in Montuori noting, "The oral agreement, unlike that in [Montuori], did not call for any assignment of the defendant's mortgage or a transfer of any interest that he had in the land by virtue of his mortgage. The agreement changed the method of paying an indebtedness owed to the defendant ...." 290 Mass. at 76.

For these reasons, the oral contract alleged by plaintiff is not actionable absent a writing memorializing its terms.

**III. Conclusion**

Plaintiff's motion for a preliminary injunction (Docket # 8) is DENIED.

Defendant's partial motion to dismiss (Docket # 12) is ALLOWED.

|  |  |
|---|---|
|    July 3, 2012    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |